UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WHITNEY WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CHILD SERVICES; ELLIS DUMAS III, individually and in his official capacity; and CHANNING COLLINS, individually and in her official capacity, <br><br> Defendants. | CAUSE NO.: 2:21-CV-28-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Enforce Settlement or Require Parties to Attend Additional Settlement Conference [ECF No. 67], filed on March 11, 2024. The Defendants filed a response [ECF No. 70] on March 25, 2024. The Plaintiff did not file a reply, and the time to do so has passed. For the reasons set forth below, the Court denies the Plaintiff's motion.

In this case, the record shows that the Magistrate Judge entered an Order for Settlement Conference [ECF No. 60] on October 26, 2023, ordering that "[u]nless excused by the Court in advance, all individual parties and/or chief corporate officers as well as lead trial counsel for the parties and those persons possessing final settlement authority for or on behalf of the parties shall personally appear and remain present throughout the Settlement Conference," which was set for December 4, 2023. Order, ECF No. 60. That order also specified, "Any failure of the lead counsel, parties or persons with final authority to attend the Conference may result in an order to pay the fees and costs expended by the other parties in preparing for and attending the Conference." *Id*.

The settlement conference was held by the Magistrate Judge on December 4, 2023. *See* ECF No. 61. At the settlement conference, the Plaintiff appeared with her attorney, Stephanie Nemeth, and Defendant Department of Indiana Department of Child Services appeared by Bethany Nine-Lawson with attorney John Oosterhoff. *Id*. The parties reached a settlement agreement. *Id*. However, on February 2, 2024, the Defendants filed a Defendants' Notice of Lack of Authority to Settle [ECF No. 64] because "[t]he settlement on the previously discussed terms has not been approved in accordance with Ind. Code § 4-6-2-11." ECF No. 64 at 2. This was because "the Defendants in this matter require approval from the Governor of the State of Indiana and the Indiana Attorney General in order to effectuate settlement in this matter." *Id*. at 1.

In the instant motion, the Plaintiff first requests that the Court enforce the December 4, 2023 settlement agreement if the Defendants are asserting that the individuals present at the settlement conference had final authority. However, as set forth above, the Defendants filed a notice stating that those present at the settlement *did not* have final authority, as those with final authority are the Governor of Indiana and the Indiana Attorney General, who were not present at the December 4, 2023 settlement conference. Therefore, based on the argument before the Court, the Court denies the Plaintiff's request to enforce the settlement agreement.

Second, the Plaintiff requests that the Court order a second settlement conference to ensure that all of those with final authority are present, if the Court determines that those present at the December 4, 2023 settlement conference did not have final authority. "[P]ursuant to statute, Ind. Code §§ 4-6-2-11 and 34-13-4-1, settlement for the State Defendants [a governmental entity and its employees] must receive approval from both the Attorney General and the Governor." *Wade v. Ind. Dep't of Child Servs*., No. 1:18-CV-2475, 2019 WL 13060474,

2

at *1 (S.D. Ind. Aug. 20, 2019); *see State v. Carter*, 658 N.E.2d 618, 622 (Ind. Ct. App. 1995) ("By statute, the governor is the sole authority to bind the State in a legal settlement. He is, therefore, the only State official having any settlement authority." (cleaned up)); *State ex rel. Sendak v. Marion Cnty. Superior Ct., Room No. 2*., 373 N.E.2d 145, 149 (1978) ("[T]he legislature has chosen to vest the responsibility for the legal representation of the State in the Attorney General.").[1] Thus, the Court finds that, here, the Governor of Indiana and the Indiana Attorney General have final authority for a settlement involving the Defendants, a State entity (the Indiana Department of Child Services) and its employees, and the Governor and Attorney General were not present at the settlement conference on December 4, 2023. However, the Plaintiff does not cite any pertinent legal authority authorizing the Court to order the Governor of Indiana and the Attorney General of Indiana to attend a settlement conference. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Thus, the Court denies the Plaintiff's request to order a second settlement conference.

The Plaintiff also includes a request to submit an affidavit for attorney fees. However, "[m]otions must be filed separately" though "alternative motions may be filed in a single paper if each is named in the title following the caption." N.D. Ind. L.R. 7-1(a). Here, the title of the instant motion is "the Plaintiff's Motion to Enforce Settlement or Require Parties to Attend Additional Settlement Conference." As the motion to submit an affidavit for attorney fees is

---

[1] Ind. Code § 4-6-2-11 provides, "No claim in favor of the state shall be compromised without the approval of the governor and attorney-general, and such officers are hereby empowered to make such compromise when, in their judgment, it is the interest of the state so to do." Ind. Code § 34-13-4-1 provides,
> If a present or former public employee . . . is . . . subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States, the governmental entity . . . shall . . . pay . . . any . . . settlement of the claim or suit if . . . the governor, in the case of a claim or suit against a state employee . . . determines that paying the . . . settlement is in the best interest of the governmental entity.

either a separate motion or an alternative motion not listed in the title, the Plaintiff has not met the requirements of Local Rule 7-1(a). As a result, the Court denies the Plaintiff's request to submit an affidavit for attorney fees.

For the reasons stated above, the Court hereby DENIES the Plaintiff's Motion to Enforce Settlement or Require Parties to Attend Additional Settlement Conference [ECF No. 67].

SO ORDERED on May 9, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
